UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-20852-CR-MOORE/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROSHEA REID,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

The Honorable K. Michael Moore referred this matter to me to conduct a change of plea hearing for the Defendant Roshea Reid. [DE 27]. I held that hearing on January 5, 2016, and for the following reasons recommend that the Court accept Defendant's plea of guilty.

1. At the outset of the hearing, I told the Defendant of her right to have these proceedings conducted by the Judge Moore, the presiding District Court Judge. I also advised the Defendant that Judge Moore would sentence the Defendant, and make all findings and rulings concerning the Defendant's sentence.

2. The Defendant was made aware that she did not have to permit this Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by Judge Moore. The Defendant, the Defendant's attorney and the

1

Assistant United States Attorney all agreed on the record and consented to my conducting the change of plea hearing.

3. I conducted the plea colloquy with the Defendant in accordance with Federal Rule of Criminal Procedure 11.

4. The parties do not have a written plea agreement; nevertheless they have agreed that the Defendant will plead guilty to Count 1 of the Indictment, which charges the Defendant with conspiring to commit an offense against the United States, in violation of Title 18, United States Code, § 371. [DE 3]. In exchange for her guilty plea, the government has agreed to dismiss Count II of the Indictment at the time of sentencing. The government has also agreed to recommend that the Court sentence the Defendant at the low end of the advisory sentencing guidelines range. There are no other agreements between the parties. The Defendant acknowledged and agreed that she pleads guilty to Count 1 of the Indictment.

5. The parties also agreed to a written factual proffer, and had that document with them at the hearing. This was later filed with the Court. The Defendant said that she read that factual proffer, and agreed to its accuracy; she also confirmed that she signed it. Government counsel stated a factual basis for the entry of the Defendant's guilty plea, and identified all of the essential elements of the offense to which the Defendant plead guilty, including any sentencing enhancements and/or aggravating factors that may be applicable. The Defendant also explained in her own words, how she committed the crime charged in Count 1 of the Indictment. I found that a factual

basis exists for the Defendant's plea of guilty. The Defendant was also advised of the statutory maximum penalties. The Defendant acknowledged that she understood these possible penalties, including the maximum five year period of imprisonment.

6. Based upon the foregoing, and the statements and findings at the plea colloquy which I incorporate into this Report and Recommendation, I find that the Defendant was competent and capable of entering an informed plea, and that her guilty plea was knowing and voluntary and has factual support. I recommend that the Court adopt these findings, and adjudicate the Defendant guilty of Count 1 of the Indictment.

7. The U.S. Probation Office will prepare a pre-sentence investigation report, and the Defendant was advised that her **sentencing has been scheduled for March 29, 2016, at 2:00 p.m, before the Honorable K. Michael Moore, at the Wilkie D. Ferguson, Jr., United States Courthouse, 400 North Miami Avenue, Courtroom 13-1, Miami, Florida**.

Accordingly, I **RECOMMEND** that the Court accept the Defendant's plea of guilty, adjudicate the Defendant guilty of Count 1 of the Indictment, and that a sentencing hearing be conducted for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore. Failure to file timely objections waives a party's right to review issues related to the Defendant's plea under Fed. R. Crim. P. 11 before the District Court Judge and the Court of Appeals (even under a plain error standard). *See* Fed. R. Crim. P.

59(b)(1), (2); *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Lewis,* 492 F.3d 1219, 1222 (11th Cir. 2007) (en banc).

**RESPECTFULLY RECOMMENDED** this 5th day of January, 2016, at Miami, Florida.

*/s/ Chris McAliley*
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable K. Michael Moore
Counsel of record